# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 16, 2010

Lyle W. Cayce
Clerk

No. 09-51044
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHELLE JANETT MAXWELL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:02:CR-107-1

Before BENAVIDES, PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Michelle Janett Maxwell appeals the sentence imposed following the revocation of her supervised release. The district court sentenced Maxwell to a nine-month term of imprisonment, to be followed by an 18-month term of supervised release. Maxwell was sentenced to home confinement during the first nine months of her term of supervised release, and the district court also ordered electronic monitoring during that nine-month period.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Maxwell argues that the sentence imposed by the district court was unreasonable because it included a period of home confinement. She contends that the sentence of home confinement is a greater restriction on her liberty than is reasonably necessary to address the goals of sentencing.

Because Maxwell did not object to the sentence in the district court, we review for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects her substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court may impose any sentence that falls within the appropriate statutory maximum term of imprisonment allowed for the revocation of a sentence. 18 U.S.C. § 3583(e)(3). In so doing, the district court is directed to consider the factors enumerated in 18 U.S.C. § 3553(a), including the non-binding policy statements found in Chapter Seven of the Sentencing Guidelines. *United States v. Mathena*, 23 F.3d 87, 90-93 (5th Cir. 1994). Under the statutory framework governing revocation and punishment for violating a condition of supervised release, a district court may (1) impose the maximum sentence of incarceration allowed under the revocation statutes; (2) "order home detention as an alternative to incarceration"; or (3) order an incarceration term less than the maximum allowable term and reimpose a term of supervised release. *United States v. Ferguson*, 369 F.3d 847, 850-51 (5th Cir. 2004) (internal quotation marks omitted). Pursuant to § 3553(a)(1), the district court is to consider "the history and characteristics of the defendant" in determining the sentence to be imposed.

The record shows that Maxwell got into legal difficulty following her presence at an establishment known as Rack Daddy's Club at 3:40 a.m. Additionally, Maxwell violated the terms of her supervised release by failing to

2

report to her probation officer and by failing to notify the probation officer 10 days prior to any change in residency or employment. In view of the foregoing, the district court's determination to sentence Maxwell to a period of home confinement, in conjunction with electronic monitoring, was not unreasonable, and Maxwell has not shown plain error. *See Whitelaw*, 580 F.3d at 265.

The judgment of the district court is AFFIRMED.